## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:08CR361** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **JERRY J. MEYSENBURG,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion for an extension of time by defendant Jerry J. Meysenburg (Meysenburg) (Filing No. 17). Meysenburg seeks an extension of time in which to file pretrial motions. Meysenburg requests additional time to research a software program which the government allegedly used to access Meysenburg's computer files. Meysenburg represents that Meysenburg will file an affidavit whereby he consents to the motion and understands the additional time could be excluded under the computations of the Speedy Trial Act. Upon consideration, the motion will be granted to the extent set forth below.

**IT IS ORDERED:**

1.  Defendant Meysenburg's motion for an extension of time (Filing No. 17) is granted as set forth herein. Meysenburg is given until **on or before December 4, 2008,** in which to file additional pretrial motions pursuant to the progression order. The ends of justice have been served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. The additional **time** arising as a result of the granting of the motion, i.e., the time between **October 24, 2008 and December 4, 2008**, shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason defendant's counsel requires additional time to adequately prepare the case, taking into consideration due diligence of counsel, and the novelty and complexity of this case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

2.  An evidentiary hearing on Meysenburg's motion to suppress (Filing No. 18) and any subsequent pretrial motions filed in accordance with this order will be held in Courtroom No. 7, Second Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **at 9:00 a.m. on December 16, 2008.** The defendant must be present for such hearing.  Counsel are reminded of the requirements of NECrimR 12.5 which provides as follows:

> **Disclosure of Evidence.**  This rule applies to all evidentiary hearings on pretrial motions in criminal cases.
>
> (a)  **Witnesses.**  At the time of the hearing, and to the extent reasonably possible, the parties shall submit to the judge and courtroom deputy a written list of all witnesses whom the parties expect to call.
>
> (b)  **Exhibits.**  At least twenty-four (24) hours before the hearing, each party shall mark the exhibits that party intends to introduce into evidence at the hearing, and provide a copy to counsel for all other parties and to the presiding judge. Exhibits should be marked as follows: government's exhibits beginning at Number 1 and defense exhibits beginning at Number 101.

3.  Trial of this matter scheduled for November 10, 2008, is **cancelled** and will be rescheduled following the disposition of any pretrial motions.

DATED this 24th day of October, 2008.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge