IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR361 |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY J. MEYSENBURG, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's objections, Filing No. 38, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 37, denying the defendants' motions to suppress statements, Filings No. 18 and 23. The defendant is charged in Count 1 of the Indictment with knowingly receiving and distributing visual depictions and attempting to receive depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(2); in Count II with knowingly possessing computer files containing an image of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B); and in Count III with forfeiture of the property used in Counts I and II in violation of 18 U.S. C. § 2253.  Filing No. 1, Indictment.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has conducted a de novo review of the record and exhibits, including the transcript of the suppression hearing, Filing No. 35, and the relevant law.  The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this memorandum and order.  The court overrules the defendant's objections to the R&R,

denies defendant's motions to suppress, and adopts the report and recommendation of the magistrate in its entirety.

Investigator Kent Hanlin of the Nebraska State Patrol is a member of the Internet Crimes Task Force who participates in online investigations of child pornography. Investigator Hanlin, while participating on Operation Fair Play (an FBI operation), obtained an Internet protocol ("IP") address in Columbus, Nebraska, by use of a program called BNU Watch. Investigator Hanlin then browsed the contents of this IP folder which is permitted with LimeWire shared folders.[1] He used a program called Phex which is designed to find child pornography files. Investigator Hanlin found child pornography at defendant's IP address, filed an affidavit, and applied for a search warrant on August 4, 2008. The judge then issued a search warrant. An officer from the Columbus Police Department and an investigator from the Nebraska State Patrol, wearing plain clothes, went to defendant's place of employment, informed him they had a search warrant, and asked him if he wanted to let them into his house, so they did not have to damage his home. Defendant agreed and accompanied the officers to his home. Other officers/investigators awaited their arrival at the defendant's home. It is undisputed that the officers/investigators told defendant several times that he was free to leave and not under arrest. Defendant did not leave. While the officers disconnected and prepared to take defendant's computer, they asked defendant a number of questions. Defendant made a number of admissions. Defendant admitted he used the computer; that only he used the computer; that he searched and viewed child pornography; and he admitted

---

[1] Both Phex and LimeWire are publicly available software that are used to browse shared file folders.

viewing one particular file shown to him by Investigator Hanlin. However, defendant made a comment that he did not think he shared his files.

Meysenburg filed the motions to suppress alleging that (1) the officers violated his privacy and the evidence should be suppressed; and (2) the statements he made to the officers/investigators on August 4, 2008, were involuntary and made without advising him of his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436 (1966). The magistrate judge conducted an evidentiary hearing on these two issues.

In order to make a claim under the Fourth Amendment in this case, defendant must show that he had a reasonable expectation of privacy in the place searched. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998); *United States v. Boyster*, 436 F.3d 986, 992 (8th Cir. 2006). Absent such a showing, the defendant does not have standing to assert that the police conducted an unlawful search or illegally seized objects. *United States v. Barragan*, 379 F.3d 524, 529-30 (8th Cir. 2004). Defendant contended at the hearing that he disabled his LimeWire file sharing. Thus, argues defendant, if he did not share his files, he has a right of privacy as to the contents of his computer. As determined by the magistrate judge, it is clear that at the time the officers seized the defendant's computer, the LimeWIre program was configured so that it could share files on the Gnutellla peer-to-peer network. Defendant attempted to allege that a law enforcement group located in Wyoming used a virus or a trojan to remotely access his computer and alter the settings in LimeWire so as to allow peer-to-peer sharing. However, as the magistrate judge found, and this court agrees, defendant presented no evidence that anyone used a virus or trojan to remotely access his computer or to adjust his settings. Defendant elicited the testimony of his expert, Dan Meinke. Meinke admitted that he had never even inspected defendant's

computer and could not testify that anyone had purposely infected defendant's computer so as to allow for LimeWire sharing. Accordingly, the magistrate judge concluded that defendant failed to demonstrate that he had an expectation of privacy, given that he participated in file sharing through LimeWire. This court agrees and finds the magistrate judge correct in his recitation of the facts and law on the issue of defendant's right of privacy. Accordingly, the court will adopt the report and recommendation of the magistrate judge in this regard.

With regard to the statements made by the defendant, defendant does not object to the findings of the magistrate judge. *See* Filing Nos. 38 and 39. Accordingly, the court, after reviewing the record, will adopt the report and recommendation of the magistrate judge in this regard as to any statements made by the defendant at the time the officers seized his computer.

THEREFORE, IT IS ORDERED:

1. Defendant's motions to suppress, Filing Nos. 18 and 23, are denied;

2. Defendant's objection to the report and recommendation of the magistrate judge, Filing No. 38, is overruled; and

3. The report and recommendation of the magistrate judge, Filing No. 37, is adopted in its entirety.

DATED this 22nd day of April, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge